IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR BUTT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 19-cv-0159 |
| | ) | |
| v. | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| WARDEN V. MOSER, | ) | |
| | ) | |
| Respondent. | ) | |

### AMENDED MEMORANDUM OPINION[1]

Petitioner, Omar Butt, is a federal prisoner currently confined at FCI Loretto in Cresson, Pennsylvania. On October 10, 2018, while Butt was confined at the Satellite Prison Camp in Hazelton, West Virginia ("SPC Hazelton"), he was issued Incident Report No. 3179498, charging him with possession, manufacturing, introduction of a tool (a SIM card for a cell phone). On October 2, 2019, he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the disciplinary hearing process, as well as the sufficiency of the evidence relied upon by the Disciplinary Hearing Officer ("DHO") to find him guilty. Petitioner is seeking expungement of the incident report, reversal of sanctions, and restoration of 40 days good time.

Because the Court finds that Butt was afforded the full panoply of procedural protections and finds that there is sufficient evidence to support the DHO's finding of misconduct, the petition will be denied.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United State Magistrate Judge, including entry of a final judgment (ECF Nos. 4 and 8).

Disciplinary Hearing Proceedings

On October 10, 2018, Butt, along with three other prisoners, was part of a shakedown conducted in one of the SPC Hazelton classrooms in the Education Department. Each of the inmates was told to stand up and put his hands against the wall. According to Butt, he stood up, was patted down, and the officer found his pockets empty. On the table located between Butt and the fourth inmate, the officer found an orange AT&T card. Butt contends the description in the incident report "is a narrow interpretation that does not fit the true narrative of the incident in question." Reply at 3. (ECF No. 9). The Incident Report states as follows:

> At 7:15 p.m. on the above date (October 10, 2018), I ordered inmate Butt, Omar Reg #80177-053 to turn around and submit to a pat search. Inmate Butt proceeded to turn around while trying to conceal his hands. I ordered inmate Butt place the item he was attempting to conceal on the classroom table at which time he complied with my order. Inmate Butt placed an orange AT&T card containing (1) SIM card on the table with his right hand. Inmate Butt was then taken to the USP Special Housing Unit without further incident.
>
> Typed Name/ Signature of Reporting Employee
> C. Troutman

ECF No. 1-2 at 2; ECF No. 6-4 at 2. Part III of the Incident report indicates that an investigation of the incident began on October 11, 2018 at 12:00 PM by Lieutenant T. Abdelaziz. Butt was advised of his right to remain silent, acknowledged he understood this right, was provided a copy of the Incident Report, and acted upon his right to remain silent, by stating "No Comment." *Id*. The investigation was completed by 12:30 PM on October 11, 2018. At the conclusion of the investigation, Lt. Abdelaziz referred the Incident Report to the Unit Discipline Committee ("UDC") for further disposition. Butt received a copy of the incident report on October 11, 2018, at approximately 1:00 pm. *Id*.

The UDC convened for an Initial Hearing on October 15, 2018. Butt appeared in person before the UDC Chairman, B. Dugan. (ECF No. 6-4 at 2). At the conclusion of the hearing, the UDC Chairman referred the Incident Report to the Disciplinary Hearing Officer ("DHO") for final disposition.

The DHO hearing was held on October 17, 2018, in Butt's presence. At the hearing, the DHO confirmed that Butt had received a copy of the Incident Report, that he understood his rights, and had raised no concerns with the disciplinary process to this point. The DHO read aloud the Incident Report and when Butt was asked if the report was true, he stated, "No comment." (Discipline Hearing Officer Report, ECF No. 6-7 at 2). Butt did not present any evidence at the hearing and did not request to have a staff representative assist him.

Based on the greater weight of the evidence, the DHO found Butt guilty of violating code 108 (possession of a hazardous tool). The decision was based on the eyewitness testimony of the reporting staff member, supporting memorandum, and the adverse inference drawn from Butt's silence. The sanctions imposed on Butt included loss of 40 days good conduct time, disciplinary segregation for 60 days, and the loss of phone privileges for 180 days. (ECF No. 1-3 at 5).

Dissatisfied with the outcome of these proceedings, Butt unsuccessfully appealed the DHO's decision administratively. (ECF No. 1-3). He then filed the instant federal habeas corpus petition while he was housed at FCI Loretto. This matter has been fully briefed by the parties and is now ripe for resolution.

## Discussion

In this habeas petition, Butt launches a two-fold constitutional assault upon the DHO disciplinary decision, challenging the disciplinary process generally on procedural due process grounds and asserting that the decision is substantively flawed since there is insufficient

3

evidence to support a finding of misconduct on his part. Butt faces an exacting burden of proof in advancing these two constitutional claims.

      A.      <u>Procedural Standards for DHO Hearings</u>

First, with respect to his procedural due process concerns, it is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court of the United States has, however, recognized a set of minimum procedural protections that must apply to prison disciplinary proceedings, including the right to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563-67.

In the federal prison system, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. §§541.1 – 541.8. These guidelines are specifically tailored and designed to meet the due process requirements outlined by the Supreme Court in *Wolff*. *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Under these regulations, when prison staff have reason to believe that a prohibited act has been committed by an inmate, an incident report must be prepared and referred for investigation. § 541.5(a). After investigation, the incident report is referred to a UDC, consisting of one or more staff designated by the Warden for an initial hearing. § 541.7. The inmate, in turn, is entitled to notice of any proposed violation. The UDC may either reach a finding regarding whether a prohibited act was committed, or refer the case to the DHO for further hearing. § 541.7(f)-(g). The DHO then has the authority to dismiss any charge, to find a

prohibited act was committed, and to impose any available sanction for the act. § 541.8. The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. § 541.8.

Throughout this hearing process, the inmate is provided with a series of procedural rights. For example, the inmate is entitled to notice of the alleged infraction. Specifically, the Warden must give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing. 28 C.F.R. § 541.8(c). The inmate is also entitled to assistance at DHO hearings. In particular, the Warden must provide the inmate with a full-time staff member to represent him at the DHO hearing. § 541.8(d).

The inmate also has a series of procedural rights at the hearing itself. Thus, at the DHO hearing, the inmate is entitled to make a statement and present documentary evidence. The inmate also has the right to submit names of requested witnesses and have them called to testify and to present documents. While the DHO need not call repetitive witnesses or adverse witnesses, 28 C.F.R. § 541.8(f), the DHO shall call those witnesses who have information directly relevant to the charges and who are reasonably available. The inmate has the right to be present throughout the DHO hearing except during deliberation or when institutional security would be jeopardized. § 541.8(e).

In addition, the regulations prescribe procedural standards for DHO decision-making. Thus, the regulations require that the DHO must consider all evidence presented at the hearing. The decision of the DHO must be based on the facts presented, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Finally, the DHO must prepare a record of the proceedings. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied upon by the

DHO. The record must include a brief statement of the reasons for the sanction imposed. A copy of this record must be delivered to the inmate. 28 C.F.R. § 541.8(h).

Given the panoply of procedural protections afforded to inmates by these regulations, courts have consistently held that when prison officials comply with these regulations, they fully satisfy the requirements of procedural due process in this prison disciplinary setting. *See, e.g., Fiore v. Lindsay*, 336 F. App'x 168 (3d Cir. 2009) (upholding disciplinary decision); *Macia v. Williamson*, 219 F. App'x 229 (3d Cir. 2007) (same); *Reynolds v. Williamson,* 197 F. App'x 196 (3d Cir. 2006) (same).

      B.      Substantive Standards Governing DHO Decisions

In his habeas corpus petition, Butt also attacks the substance of the DHO decision, arguing that there was insufficient evidence to support a finding of misconduct on his part. Like the procedural due process challenge, this substantive attack on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. *See id*. at 455; *Thompson v. Owens*, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is "some evidence" to support the decision. *Hill*, 472 U.S. at 457; *Elkin v. Fauver*, 969 F.2d 48 (3d Cir. 1992); *Thompson v. Owens*, 889 F.2d 500 (3d Cir. 1989).

Thus, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." *Freeman v. Rideout,* 808 F.2d 949, 954 (2d Cir. 1986). As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review, and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-456.

Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. *Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir. 1992); *Thompson*, 889 F.2d 501; *Freeman,* 808 F.2d at 954. In practice, courts have rarely condemned correctional disciplinary decisions as being wholly lacking in evidentiary support and have frequently concluded that disciplinary findings are supported by the requisite degree of proof. *See, e.g., Fiore*, 336 F. App'x 168 (upholding disciplinary decision); *Macia*, 219 F. App'x 229 (same); *Reynolds*, 197 F. App'x 196 (same); *Levi,* 193 F. App'x 172 (same).

  C. <u>Butt was Afforded Due Process at His DHO Hearing, and There is Adequate Evidence to Support the Substantive Finding of Misconduct.</u>

Judged against these standards, Butt's procedural and substantive challenges to his prison disciplinary proceeding simply fail. In this case, the DHO followed all of the procedures outlined in the regulations. Butt was given a copy of the incident report on October 11, 2018, which provided him with notice of the charges against him. The UDC held a hearing and referred the matter to the DHO for sanctions.  Butt was provided with advance notice of the disciplinary hearing, which occurred on October 17, 2018, more than the 24 hour notice called for in *Wolff*.

7

Additionally, the record reflects that Butt understood his rights and declined to make a statement. He presented no documentary evidence and waived his request for witnesses. Although Butt alleges he was denied a requested witness, there is no record evidence that he requested a witness during any stage of the disciplinary process. Further, the record reflects that Butt raised no concerns with the DHO during his hearing. Butt elected not to have the assistance of a staff representative at the disciplinary hearing and elected not to present evidence or to make his own statement.

The DHO also considered the chain of custody log and photograph of the contraband, in addition to the Incident Report and investigation. (ECF No. 6-4 at 4, 5). Ultimately, Butt was provided with a written report of the DHO's decision, which included a statement that outlined the reasons for the sanctions imposed. Given that Butt was afforded the minimum procedural protections set forth in *Wolff*, the Court finds that the DHO fully satisfied the requirements of due process in this case. *See, e.g., Fiore v. Lindsay*, 336 F. App'x 168 (3d Cir. 2009) (upholding disciplinary decision); *Macia v. Williamson*, 219 F. App'x 229 (3d Cir. 2007) (same); *Reynolds v. Williamson*, 197 F. App'x 196 (3d Cir. 2006) (same); *Levi v. Holt*, 193 F. App'x 172 (3d Cir. 2006) (same)

With respect to the substantive challenges to the DHO proceeding, it is apparent that the DHO's decision is supported by adequate evidence. The DHO relied upon the reporting employee's account of the incident, which detailed that Butt was in possible of the hazardous tool (SIM card for a cell phone). He also relied on the chain of custody form and photograph of the contraband. The DHO also considered the fact that Butt exercised his right to remain silent.[2]

---

[2] Pursuant to 28 C.F.R. § 541.5(b)(1)(B), an inmate has the right to remain silent at all stages of the discipline process; however, an inmate's silence may be used to draw an adverse

On these facts the Court concludes that there was ample evidence to support this disciplinary finding. Since there is an adequate factual basis for the disciplinary finding, any substantive challenge to this disciplinary action must be rejected. *See e.g., Fiore*, 336 F. App'x 168 (upholding disciplinary decision); *Macia*, 219 F. App'x 229 (same); *Reynolds*, 197 F. App'x 196 (same); *Levi,* 193 F. App'x 172 (same).  Accordingly, the petition will be denied with prejudice.

### Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253) (as amended) codified standards governing the issuance of certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-54 (3d Cir. 2000); *abrogated on other grounds by, Gonzalez v. Thaler*, ⸺U.S. ⸺, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be denied with prejudice.   An appropriate Order follows.

Dated:  May 19, 2020  /s Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

---

inference against the inmate charged at any stage of the process.  An inmate's silence alone, however, cannot be the basis for finding the inmate committed the prohibited act(s) charged.

cc: OMAR BUTT
80177-053
USP CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 18472
(via U.S. First Class Mail)

Karen Gal-Or
U.S. Attorney's Office
(via electronic notification)